FILED 10 MAR '26 11:52 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# PORTLAND DIVISION

RICHARD MARION WATKINS,
Plaintiff,

v.

CITY OF THE DALLES;
WASCO COUNTY;
JOHN DOE OFFICERS 1–20,
Defendants.

Civil Action No. 3:26-CV-00468-JR

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. §1983 AND OREGON TORT LAW)

## I. INTRODUCTION

1. This action arises from the use of excessive and unreasonable force by law enforcement officers during the arrest of Plaintiff on April 13, 2024 in The Dalles, Oregon.
2. Plaintiff alleges that while surrendering to officers with his hands raised, officers fired less-lethal munitions at him, deployed a Taser, and physically struck him.
3. Plaintiff sustained multiple injuries from the munitions, Taser deployment, and physical blows, which caused him to lose consciousness.
4. Plaintiff was transported from the scene to a hospital for medical treatment.
5. The force used was objectively unreasonable and violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.
6. Plaintiff seeks damages under 42 U.S.C. §1983 and related Oregon tort law.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343 because Plaintiff's claims arise under the Constitution and laws of the United States.
8. This Court has supplemental jurisdiction over Plaintiff's Oregon state law claims pursuant to 28 U.S.C. §1367.
9. Venue is proper in this Court under 28 U.S.C. §1391 because the events giving rise to this action occurred within the District of Oregon.

1

## III. PARTIES

10. Plaintiff Richard Marion Watkins is a resident of Oregon.
11. Defendant City of The Dalles is a municipal entity responsible for the policies, training, and supervision of The Dalles Police Department.
12. Defendant Wasco County is a political subdivision of the State of Oregon responsible for the policies, training, and supervision of the Wasco County Sheriff's Office.
13. Defendants John Doe Officers 1–20 are law enforcement officers whose identities are presently unknown but who participated in the arrest and use of force against Plaintiff.
14. At all relevant times, the individual defendants acted under color of state law.
15. Plaintiff will amend this complaint to substitute the true identities of the Doe defendants once they are identified through discovery.

## IV. FACTUAL ALLEGATIONS

16. On April 13, 2024, law enforcement officers responded to Plaintiff's business located at 1206 W. 2nd Street in The Dalles, Oregon.
17. Multiple officers from local law enforcement agencies participated in the operation.
18. After a period of police presence and attempted contact, Plaintiff exited the building.
19. When Plaintiff exited the building, he raised his hands in the air in a clear act of surrender.
20. Plaintiff was not attempting to flee and did not pose an immediate threat to officers or others.
21. Despite Plaintiff's surrender, officers fired less-lethal munitions at Plaintiff, including beanbag rounds and/or pepper or chemical munitions.
22. Plaintiff was struck by these munitions and fell to the ground.
23. After Plaintiff fell to the ground, officers deployed a Taser against him.
24. Officers then physically struck Plaintiff while he was on the ground.
25. As a result of the force used, Plaintiff lost consciousness at the scene.
26. Plaintiff was subsequently transported to a hospital for medical evaluation and treatment.
27. The force used against Plaintiff was excessive and objectively unreasonable.
28. At the time force was used, Plaintiff had surrendered and posed no immediate threat.
29. Plaintiff operated a diesel repair business at the premises where the incident occurred.
30. As a direct result of the shooting and arrest at his place of business, the incident became widely known in the local community.
31. The publicity surrounding the event severely damaged Plaintiff's business reputation and customer relationships.
32. Plaintiff was forced to close his business due to the loss of customers and damage to his reputation.

## V. RELATED CRIMINAL CHARGES

33. Following the incident, criminal charges were filed against Plaintiff in Wasco County Circuit Court.
34. These charges included:

a. Giving False Information to a Peace Officer (ORS 162.385);
b. Criminal Mischief in the Second Degree (ORS 164.354);
c. Improper Use of the Emergency Communications System (ORS 165.570);
d. Disorderly Conduct in the First Degree (ORS 166.023).

35. The existence of criminal charges does not justify the use of excessive force.

## VI. CLAIM FOR RELIEF

Excessive Force – Fourth Amendment
(42 U.S.C. §1983)

36. Plaintiff incorporates paragraphs 1–35.
37. The Fourth Amendment prohibits unreasonable seizures and the use of excessive force by law enforcement officers.
38. Defendants used force that was objectively unreasonable under the circumstances.
39. As a direct result, Plaintiff suffered injuries and damages.

## VII. CLAIM FOR RELIEF

Unreasonable Seizure – Fourth Amendment
(42 U.S.C. §1983)

40. Plaintiff incorporates paragraphs 1–39.
41. The conduct of Defendants constituted an unreasonable seizure under the Fourth Amendment.
42. Defendants' actions deprived Plaintiff of constitutional rights.

## VIII. CLAIM FOR RELIEF

Failure to Intervene
(42 U.S.C. §1983)

43. Plaintiff incorporates paragraphs 1–42.

3

44. Each officer present had a duty to intervene to prevent the use of excessive force.
45. Defendants failed to intervene despite having the opportunity to do so.

## IX. CLAIM FOR RELIEF

Municipal Liability (Monell)
(42 U.S.C. §1983)

46. Plaintiff incorporates paragraphs 1–45.
47. The constitutional violations suffered by Plaintiff were caused by policies, customs, or practices of Defendant City of The Dalles and Defendant Wasco County.
48. These policies, customs, or practices include failure to properly train, supervise, and discipline officers regarding the use of force.
49. These failures constituted deliberate indifference to the constitutional rights of citizens.

## X. CLAIM FOR RELIEF

Assault and Battery
(Oregon Law)

50. Plaintiff incorporates paragraphs 1–49.
51. Defendants intentionally used physical force against Plaintiff.
52. The force used was unreasonable and unlawful.

## XI. CLAIM FOR RELIEF

Negligence
(Oregon Law)

53. Plaintiff incorporates paragraphs 1–52.
54. Defendants owed Plaintiff a duty to use reasonable force.
55. Defendants breached that duty.
56. Plaintiff suffered injuries and damages as a result.

## XII. DAMAGES

57. Plaintiff suffered physical injuries, pain, emotional distress, reputational harm, loss of business income, and other economic damages.

58. Plaintiff seeks compensatory damages in an amount to be determined at trial.
59. Plaintiff seeks punitive damages against the individual defendants.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff;
B. Award compensatory damages;
C. Award punitive damages;
D. Award costs and attorney fees where permitted by law;
E. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 6 day of March, 2026.

Respectfully submitted,

/s/ Richard Marion Watkins
Richard Marion Watkins
21330 SE Firwood Road
Sandy, Oregon 97055
Telephone: (503) 887-4667
Plaintiff Pro Se